DIXIE MOTOR COACH CORPORATION v. GHOLSON.

No. 29994. April 20, 1944.

*148 P. 2d 189.*

Miley, Hoffman, Williams, France & Johnson, of Oklahoma City, for plaintiffs in error.

Crawford W. Cameron, of Marietta, and Ralph H. Noah, of Beloit, Kan., for defendant in error.

PER CURIAM. On the 23rd day of November, 1939, Berniece Gholson, a minor, obtained in the district court of Love county a judgment in her favor and against the Dixie Motor Coach Corporation, the Commercial Casualty Insurance Company of Newark, New Jersey, and W. M. Barney for the sum of $5,000 and costs and against the Dixie Motor Coach Corporation and W. M. Barney in an additional sum of $10,000 and costs, from which said judgment debtors appeal to this court. Thereafter on January 6, 1944, there was filed in this court a stipulation for reversal of said judgment and remand of said cause to the trial court, wherein the parties pray this court to "concur with the Probate Court of Mitchell County, Kansas, and by appropriate order and mandate reverse the judgment of the trial court and remand this cause with directions for the entry of judgment in accordance with said agreement of settlement." Thereupon, on January 17, 1944, this court denied said application, but in lieu thereof "remanded said cause to the trial court for consideration of the agreement entered into between the parties." Thereafter, on February 2, 1944, said matter came on for consideration by the trial court upon application for approval of settlement and the vacation of the judgment theretofore rendered in said cause. Thereupon the trial court confirmed and approved said settlement and entered judgment pursuant thereto. On March 27, 1944, the attorneys of record in said cause filed herein a joint motion setting forth the approval of said settlement by the probate court of Mitchell county, Kan., being the court wherein the guardianship proceedings in the matter of the person and estate of said minor are pending, and the approval of the district court of Love county wherein said judgment was obtained on behalf of said minor, and praying that this court "approve and confirm the order and judgment rendered by the trial court on February 2, 1944."

To the courts invested with original jurisdiction in guardianship matters, and to the trial courts invested with general equitable jurisdiction, is committed in a great degree the duty of safeguarding the interests of minors, and while this court will be diligent in protecting minors or persons who are not sui juris who are litigants in this court, yet when the probate court having proper jurisdiction and the trial court, upon stipulation of the parties to an action, approve and confirm a proposed settlement of litigation on behalf of a minor involving purely legal rights, this court may, in the absence of any inequitable circumstances or injustice appearing, acquiesce to the extent of vacating the prior judgment pending on appeal in this court.

In this cause, no inequitable circumstances and no injustice to said minor appearing, accordingly the judgment of the trial court of November 23, 1939, is hereby vacated and the cause remanded to the trial court.

Mandate is directed to issue forthwith.

GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, and ARNOLD, JJ., concur.